UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHERI WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 2:17-cv-85-WTL-MJD |
| THORNTONS INC., | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTIONS

This cause is before the Court on the Motion for Summary Judgment filed by the Defendant, Thorntons Inc. ("Thorntons") (Dkt. No. 28); Thorntons' motion to strike expert report (Dkt. No. 42); Thorntons' Motion to Strike Statement of Plaintiff's Claims (Dkt. No. 44); and Thorntons' motion for partial summary judgment (Dkt. No. 61). The motions are fully briefed, and the Court, being duly advised, **DENIES** the motion for summary judgment; **DENIES** the motion to strike; and **GRANTS IN PART AND DENIES IN PART** the motion for partial summary judgment.

### I. PRELIMINARY MATTERS

The Court will first address Thorntons' motion to strike expert report. Thorntons argues that the Court should strike Williams' identification of Dr. Sameer Bavishi, Dr. Harold Loveall, and Mr. Chris Schmidt as experts and issue an order precluding Williams from eliciting standard of care and proximate causation opinions from those individuals because Williams did not serve a report by November 9, 2017.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert witnesses and provides, in relevant part:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.
>
> \* \* \*
>
> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2).

As the Advisory Committee Note to the 2010 amendment indicate, the subsection (C) disclosure requirements were added to "resolve a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed. R. Civ. P. 26, 2010 Advisory Committee Note. With the amendment to subsection (C), "[a]n (a)(2)(B) report is required *only* from an expert described in (a)(2)(B)." *Id.* (emphasis added). Further, "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony." *Id.* The Advisory Committee Note lists, as frequent examples of an expert witness covered by subsection (C), "treating physicians or other health care

professionals and employees of a party who do not regularly provide expert testimony."

*Id.*[1]

Here, the Court finds that, because the medical providers are not retained experts, they fall within the disclosure requirements of subsections (a)(2)(A) and (a)(2)(C). Further, the Court finds that Williams has provided adequate disclosures as required by Rule 26(a)(2)(C).[2] As such, Thortons' motion is **DENIED**.

## II.     STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, a party who bears the burden of proof on

---

[1] The parties cite to *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010), which was decided before the 2010 amendment to the Rule became effective on December 1, 2010. In *Meyers*, the court rejected the plaintiff's contention that his treating physicians did not need to file written expert reports as required by subsection (a)(2)(B) because they were not retained. *Meyers*, 619 F.3d at 734. The court held that "a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be *deemed* to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2). *Id.* (emphasis added). However, the holding in *Meyers* addressed the prior version of Rule 26(a)(2), not the amended version. Its reasoning does not apply to the amended version, which fills the gap created by the previous version of the Rule's failure to address the disclosure requirements for unretained expert witnesses, such as treating physicians.

[2] Williams requests that the Court impose sanctions against Thorntons for pursuing a frivolous motion. While the Court disagrees with Thorntons' argument, it is not frivolous, and sanctions are not warranted.

a particular issue may not rest on its pleadings, but must show what evidence it has that there is a genuine issue of material fact that requires trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

### III.    SUMMARY OF FACTUAL ALLEGATIONS

The properly supported facts of record, viewed in the light most favorable to the Plaintiff, Sheri Williams, are as follow.

On Saturday, June 6, 2015, Williams stopped at a Thorntons located at 2330 S. 3rd Street, Terre Haute, Indiana. Williams parked in the parking spot that was immediately adjacent to the empty handicap parking space outside Thorntons' entrance. After she went inside and bought tea, she walked out, stepped off the curb, took one step into the handicap spot—which still did not have a car parked in it—and slid on a slick spot.

Peter Struck was working as a cashier at Thorntons on the day that Williams fell. As shown in Thorntons' security camera footage,[3] at 6:45:35, Struck exited Thorntons to the left, probably to take a smoke break. Although Struck could not confirm that Williams was the individual who entered the store at 6:46:33, he agreed that the same individual was exiting at 6:48:13 and reentered at 6:48:36. During the time that the individual was in the store, no vehicle had parked in the handicap parking space.

---

[3]Thorntons moves to strike Williams' response to Thorntons' objection to reference to Thorntons' security camera footage provided by Thorntons in discovery. Dkt. No. 39. The Court is befuddled as to why Thorntons objects to Williams' reference to the footage—which was produced by Thorntons and therefore presumably is authentic. Thorntons' motion to strike (Dkt. No. 39) is **DENIED**.

Struck confirmed that he was the employee who cleaned the oil spill that was in the handicap parking space. Struck described the spill as an oil spot about the size of a dinner plate that was still wet when Williams slipped on it. He indicated that it was pooled in the adjacent spot four to five feet from Williams' car door.

Struck indicated that he was "pretty familiar" with his job responsibilities because of his training and experience at working at other gas stations. Struck had received no training on picking up the premises or cleaning spills, but he agreed that it was his responsibility to look for those things.

In 2015, there was not a person who was designated to check Thorntons' premises or a schedule by which the premises were to be checked. Sometimes employees would find out about hazards that needed to be cleaned up outside when customers pointed them out, or sometimes employees would notice outside hazards when they went to take their smoke breaks.

## IV.    **DISCUSSION**

Thortons has filed a motion for summary judgment and a motion for partial summary judgment. The Court addresses each, in turn, below.

### A.    **Thorntons' Motion for Summary Judgment**

Williams asserts that Thorntons was negligent in permitting a dangerous condition to exist at its place of business. A claim for negligence consists of three elements: (1) a duty; (2) a breach of duty; and (3) injury to the plaintiff proximately caused by the defendant's breach. *King v. Northeast Security, Inc.*, 790 N.E.2d 474, 484 (Ind. 2003). In the context of premises liability, a possessor of land has a duty to keep property in a reasonably safe condition for business invitees. *Douglass v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990). Under Indiana law, "a person who is invited to enter or remain on the land for a purpose directly or indirectly connected with

5

business dealings with the possessor of the land" is a business invitee. *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991). A landowner or possessor of land "owes the highest duty to an invitee: a duty to exercise reasonable care for his protection while he is on the . . . premises." *Id.* at 639 (citation omitted). Before liability may attach, however, the landowner or possessor of land "must have actual or constructive knowledge of the danger." *Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995).[4]

Constructive knowledge is found when a "condition . . . has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (quotation and citation omitted). An employee's knowledge of a hazardous condition on the employer's premises may be imputed to the employer. *St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis*, 783 N.E.2d 274, 279 (Ind. Ct. App. 2002).

Thortons argues that summary judgment is appropriate because no reasonable jury could find that Thorntons had actual or constructive knowledge of the oil in the parking lot. The Court disagrees. Williams has pointed to the testimony of several of Thortons' employees that there was no set schedule for employees to look for hazards. Two employees testified that, if they noticed a hazard while they were out on a smoke break, they would take care of it. Struck testified that video surveillance footage shows him walking past the spot where Williams fell minutes before the fall. No vehicle parked in the spot between the time Struck walked by and

---

[4]The Court is troubled by Thorntons' assertion that the "issue here is whether Thorntons owed Williams a duty, an issue that is purely a question of law." Dkt. No. 35 at 4. Thorntons indisputably owed Williams a duty. The question at issue is whether Thorntons exercised reasonable care for Williams' protection.

Williams fell. The facts, viewed in the light most favorable to Williams, clearly demonstrate that whether Thorntons had constructive knowledge of the oil spill is a disputed material fact that must be resolved by the trier of fact.

### B. Thorntons' Motion for Partial Summary Judgment

Thorntons also has filed a motion for partial summary judgment seeking summary judgment as to Williams' claimed injuries for chondromalacia, ongoing pain, and possible need for a knee replacement. Dkt. No. 61.

"An essential element in a cause of action for negligence is the requirement of a reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered." *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994) (citation omitted). "The element of causation requires that the harm would not have occurred but for the defendant's conduct." *City of East Chicago v. Litera*, 692 N.E.2d 898, 901 (Ind. Ct. App. 1998) (citation omitted). "The 'but for' analysis presupposes that, absent the tortious conduct, a plaintiff would have been spared suffering the claimed harm." *Daub*, 629 N.E.2d at 877 (quotation and citation omitted).

"The essential question is whether the defendant's wrongful act is one of the proximate causes rather than a remote cause." *Smith v. Beaty*, 639 N.E.2d 1029, 1034 (Ind. Ct. App. 1994) (citation omitted). To avoid summary judgment, Williams must point to evidence that presents a reasonable certainty or probability of causation. *Daub*, 629 N.E.2d at 877 (citation omitted). "Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson*, 325 F.3d at 901 (quotation and citation omitted).

7

Thorntons is correct that Williams has not pointed to evidence sufficient to support a finding that there is a reasonable certainty or probability that the fall caused chondramalacia of the right knee. In fact, Dr. Bavishi testified that chondramalacia is a chronic condition that is not caused by trauma, and Williams points to no contrary evidence of record. Accordingly, summary judgment is appropriate with regard to any portion of Williams' claim that involves the causation of Williams' chondramalacia.

Likewise, Williams has not pointed to evidence sufficient to support a finding that there is a reasonable certainty or probability that Williams will require knee replacement surgery in the future as a result of the fall. Accordingly, summary judgment is appropriate with regard to any portion of Williams' claim that involves Williams' possible need for a knee replacement in the future.

With respect to ongoing pain, Williams points to the following testimony given by Dr. Bavishi:

> I discussed with her the injury and the subsequent process of the surgery and everything that we had treated up to that point, and then I discussed with her that the arthritis that was in her knee likely was not necessarily directly related to the injury, and that most likely the fall may have aggravated some of the pain from the arthritis in her knee but did not actually cause the arthritis. However, the injury may have caused the meniscus tear in her knee. Now, a lot of what I tell her is based on what she tells me. The fact that she told me that she really was not having much pain prior to that fall but then the fall caused pain. And so based on her telling me that, that tells me that, okay, before that incident, she was doing pretty well, she was really not having much pain, but the fall caused her to have pain, so likely she developed her tear of the meniscus and aggravated the arthritis in her knee at that time. And that's what I told her as well.

Dkt. No. 67-1 at 13-14. As Williams points out, Dr. Bavishi stated several times his opinion that the fall at Thorntons was more likely than not a factor in the pain from which Williams suffered after the fall and resulting surgery. As such, there is a dispute as to material fact, and, as to that issue, summary judgment is denied.

8

For the foregoing reasons, Thorntons' motion for partial summary judgment is **GRANTED IN PART AND DENIED IN PART**.

### C. Thorntons' Motion to Strike Statement of Plaintiff's Claims

Finally, Thorntons has filed one of the most frivolous motions the Court has seen in quite some time: Defendant's Motion to Strike Statement of Plaintiff's Claims (Dkt. No. 44). In that motion—which is Thorntons' third motion to strike—Thorntons takes issue with the fact that Williams filed a Statement of Claims (Dkt. No. 40), arguing that "[t]he filing of Plaintiff's Statement of Plaintiff's Claims is unfairly prejudicial to Defendant, unnecessary, and taints the potential jury pool should this case proceed to trial" and "[t]his Court's Order and approved Case Management Plan did not include the requirement and filing of any 'Statement of Plaintiff's Claims.'" Dkt. No. 44 at 1. Thus, Thorntons concludes:

> The approved Case Management Plan must be strictly complied with. Because the approved Case Management Plan does not require the filing of Statement of Plaintiff's Claims, and this Court did not order the filing of said pleading, this Court should strike Statement of Plaintiff's Claims, Docket 40 for its non-compliance with the approved Case Management Plan.

*Id.* at 1-2.

The Court cannot imagine how potential jurors might come across this filing. A member of the jury pool would have to be quite motivated to go to the effort to determine which case(s) were being tried on the day in question, and then would have to either have a PACER account or come into the Clerk's office to access the electronic docket. Even assuming an enterprising potential juror would go to such trouble, it is entirely unclear to the Court what part of the Plaintiff's Statement of Claims would "taint" that juror, as the information contained in it is completely benign and consistent with many other documents in the case, such as the complaint, the case management plan, and the summary judgment briefs. And in any event, to the extent

9

that a potential juror were exposed to the document, that fact would be revealed during voir dire, unless he or she were willing to commit perjury in response to the Court's inquiry whether he or she knew anything about the case.

But putting the frankly ludicrous argument regarding its potential effect on the jury pool aside, the Statement of Claims was, in fact, "necessary," inasmuch as—contrary to Thorntons' assertion—it **was required** by the case management plan in this case. Specifically, section II (D) provides:

> On or before **September 8, 2017**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

Dkt. No. 11 at 2. It is Thorntons, therefore, that failed to comply with the case management plan.

In light of Thorntons' position that "[t]he approved Case Management Plan must be strictly complied with," Dkt. No. 44 at 1, Thorntons is **ORDERED TO SHOW CAUSE**, in writing, **within seven days of the date of this Entry**, why the Court should not find that it has waived its affirmative defenses by failing to file a statement of claims as required by the case management plan. *Cf.*, *e.g., Schambers v. Key Family of Companies*, 1:16-cv-2406-WTL-DLP, 2018 WL 1794915, at *7 (S.D. Ind. Apr. 16, 2018) (Lawrence, J.) ("The Court agrees that Schambers' failure to include her Equal Pay Act claim in her initial Statement of Claims operated as an abandonment of that claim."); *McGann v. Trathen*, 1:16-cv-1235-JMS-DML, 2017 WL 5571289, at *12 (S.D. Ind. Nov. 20, 2017) (Magnus-Stinson, J.) ("The Court finds that Mr. McGann has abandoned any negligent infliction of emotional distress or intentional infliction of emotional distress claims by failing to set them forth in his Statement of Claims."); *Tucker v. Express Scripts Holding*, 1:14-cv-1698-TWP-MJD, 2016 WL 2643737, at *8 (S.D. Ind. May 10, 2016), (Pratt, J.) (plaintiff "abandoned his claim of harassment in his Statement of

Claims when he asserted only his claims for race discrimination and retaliation"). In addition, Thorntons' attorneys are further **ORDERED TO SHOW CAUSE**, in writing, **within seven days of the date of this Entry**, why they should not be fined $500 for violating Rule 11 by making a demonstrably false factual assertion in their motion.

## V. CONCLUSION

Thortons' Motion for Summary Judgment is **DENIED** (Dkt. No. 28). The motion for partial summary judgment is **GRANTED IN PART AND DENIED IN PART** (Dkt. No. 61). The motion to strike is **DENIED** (Dkt. No. 39). The motion to strike expert report is **DENIED** (Dkt. No. 42). The motion to strike statement of Williams' claims is **DENIED** (Dkt. No. 44). The Defendant and Defendant's counsel are **ORDERED TO SHOW CAUSE** as set forth above.

**SO ORDERED: 4/24/18**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.